UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN MICHAEL BOON-BEY,
          Petitioner,

v.                               Case No. 23-CV-361

LISA M. AVILA,
          Respondent.

## RECOMMENDATION AND ORDER

Kevin Michael Boon-Bey filed a petition for a writ of habeas corpus in this court on March 20, 2023. He employed the court's form for a petition under 28 U.S.C. § 2241, but it appeared from the substance of the petition that he was incarcerated pursuant to a Wisconsin judgment of conviction. Therefore, the court gave Boon-Bey three options:

> First, he may voluntarily dismiss his petition. Second, he may consent to the petition being converted to one under 28 U.S.C. § 2254, in which case the court will screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and determine if it is sufficient to proceed. Or, third, he may decide to proceed with his § 2241 petition, in which case the court will review the petition and record to determine if it is correctly characterized as one under § 2241. If it is not, the court will recommend that it be dismissed. *See* 28 U.S.C. § 636(b). If it is, the court will review the substance of the petition and determine whether it is sufficient to proceed.

(ECF No. 12; *see also* ECF No. 10.)

Boon-Bey elected to proceed with his petition as one under § 2241. (ECF No. 13.)

Central to his petition is the fact that he changed his name during the pendency of the underlying criminal action. Boon-Bey, then known as merely Boon, was charged in Milwaukee County Circuit Court on December 14, 2018. *See* Milwaukee Cnty. Cir. Ct. Case No. 2018CF005908, available at https://wcca.wicourts.gov. On March 25, 2019, he petitioned to change his name to Boon-Bey. *See* Milwaukee Cnty. Cir. Ct. Case No. 2019CV002395. The court granted to petition on May 2, 2019. *Id.* Boon, now known as Boon-Bey, was then tried, found guilty, and sentenced in case number 2018CF005908. Apparently, the judgment of conviction reflected the name Boon rather than Boon-Bey.

Boon-Bey argues, in effect, that because Boon was convicted, he (Boon-Bey) cannot be incarcerated. Or at a minimum he cannot be incarcerated until the judgment of conviction is amended to name Boon-Bey. And because there is no judgment of conviction naming Boon-Bey, he is not actually in custody pursuant to the judgment of a state court. Rather, he is in custody without any judgment, and therefore his petition is proper under § 2241 rather than § 2254.

Persons, not names, are convicted of crimes. While a name is the typical way of identifying the defendant, there is no dispute that the petitioner—Boon-Bey, formerly known as Boon—is the same person who was accused, tried, convicted, and sentenced in Milwaukee County Circuit Court case number 2019CV002395. As such, Boon-Bey is incarcerated pursuant to a Wisconsin state court judgment, and 28 U.S.C. § 2254 is the only appropriate means for challenging his incarceration.

Because Boon-Bey does not consent to the conversion of his petition to one under § 2254, *see Castro v. United States*, 540 U.S. 375, 377 (2003), and he is not entitled to relief under 28 U.S.C. § 2241, *see Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *Watkins v. Radtke*, No. 22-cv-1497-bhl, 2023 U.S. Dist. LEXIS 21026, at *3 (E.D. Wis. Feb. 8, 2023), the court must recommend that his petition and this action be dismissed. "A 'state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release' must seek relief under 28 U.S.C. § 2254." *Watkins*, 2023 U.S. Dist. LEXIS 21026, at *3 (quoting *Walker*, 216 F.3d at 633).

**IT IS THEREFORE RECOMMENDED** that Boon-Bey's petition and this action be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), any written objection to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 24th day of April, 2023.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge